774

JUANA MELÉNDEZ ET AL., Plaintiffs and Appellees, v. ABELARDO MORALES ETC., ET AL., Defendants and Appellants.

No. 5317. Argued April 23, 1931.—Decided July 12, 1932.

*Lens & Susoni* for appellants.  *E. Martínez Avilés* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After the death of Melitón Morales his divorced wife, Juana Meléndez, and their only child, Aleja or Alejandrina Morales, brought an action against Abelardo Morales, brother of Melitón, and Felipe and Isabel Soto, minors represented by their natural mother Basilisa Soto, and Santos Reyes, also a minor represented by his natural mother Delia Reyes. They alleged that Melitón Morales and Juana Meléndez had bought during their marriage a rural property of 19½ acres (*cuerdas*) located in the ward of Sabana Hoyo of Arecibo; that to prevent an attachment of that property because of a guaranty he had given, Melitón Morales made a simulated conveyance thereof to his brother Abelardo Morales without consideration; that after the death of Melitón Morales, Abelardo Morales agreed to apportion said property among the plaintiff legitimate child and the three defendant minors whom he considered as acknowledged natural children of Me-

litón. Plaintiff Alejandrina Morales objected, but Abelardo Morales of his own account conveyed three and a half acres of the property to each one of the three defendant minors, and retained the remaining nine acres divided into two lots of five and four acres each. Finally, they alleged that the defendant minors are not acknowledged natural children of Melitón Morales. The main property and the parcels into which it was divided were described in the complaint, and prayer was made for a judgment declaring the two plaintiffs to be the sole owners of the property and ordering that they be restored in its possession. The defendants resisted the action and, after a trial was held, judgment was entered declaring that both plaintiffs have rights to said property of 19½ acres; one of them by reason of her share in the community property, and the other as a lawful heir; that the defendant minors have an interest in the estate of Melitón Morales as his acknowledged natural children; and that said property belongs to the heirs of Melitón Morales. Only the defendants appealed from that judgment.

The first ground of the appeal is that the trial court committed error in holding that the witnesses in their testimony identified the property. It suffices to read the testimony given by Francisco Rivera at the trial to be convinced that he not only described the 19½-acre property but also each of the various parcels thereof held by the defendants. This witness was not contradicted, and in accordance with section 18 of the Law of Evidence the testimony of a witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason.

The second ground of the appeal is that the lower court considered as proved the allegation that the conveyance made by Melitón Morales in favor of Abelardo Morales was simulated, without any evidence to support said allegation and notwithstanding the existence of evidence to the contrary.

In its opinion filed to support the judgment, the lower court stated that the defendant Abelardo Morales, considering the minors as acknowledged natural children of Melitón Morales, thought that they had a right to a share in the property, and that for this reason he took advantage of the simulated title he held to divide the property and give a portion to each of them, keeping five acres for Alejandrina Morales and retaining four acres for him, in the belief that he would thus facilitate the real partition by directly conveying to the parties in interest, under the pretext of a purchase, the share to which in his opinion each one was entitled. And, the court added, this brought about the confusion that plaintiffs have in their minds when they allege in the sixth paragraph of the complaint the existence of a conspiracy between the Morales brothers, a fact which could not be proved by said plaintiffs. On this the appellants rely as a basis for their second assignment of error. However, the court also said that defendant, Abelardo Morales, by his own acts and admissions showed that the sale embodied in a deed of July 10, 1913, of the Sabana Hoyo property was simulated. Thus the trial court definitely declared that the conveyance from Melitón to Abelardo was simulated, and merely held that there had been no conspiracy for Abelardo to retain the property, as evidenced by his actions in dividing the same and allotting portions thereof in the manner he considered just. The falsity of the sale found by the court is shown by the evidence introduced, the only evidence to the contrary being the conveyance which the court declared to be simulated, for which reason the second error assigned was not committed.

The third assignment of error is based on the failure to hold that the action brought had prescribed in accordance with sections 1858 and 1859 of the Civil Code.

Those statutory provisions are to the effect that ownership and other real rights shall prescribe by possession in

good faith and under a just title for ten years as between persons present and for twenty years as between absentees; and specify who is to be deemed an absentee. The trial court did not apply those sections to this case because the possession of the defendants was not in good faith and under a just title, and the appellants confine themselves to the assertion that the argument under the preceding assignments supports the one now discussed. But we have already seen that defendant Morales held under a simulated conveyance. With respect to the other defendants, the trial court said: "The other defendants are in the same position as Abelardo Morales, since they were aware that he lacked a just title, and although Basilisa Soto testified that she paid Morales for those parcels, it is impossible to give credit to her statement as she was not going to pay for what her children might acquired by right of inheritance, although the court appreciates that attitude of a mother who in one way or another wishes to secure a property title for her children." Therefore, the error assigned is nonexistent.

The fourth and last ground of appeal is that the trial court erred in considering valid in part and void in part the conveyance made by Melitón Morales in favor of Abelardo Morales.

Neither in the judgment nor in the opinion of the court is there any statement to the effect that the conveyance of the property was valid in part and void in part as the appellants claim. On the contrary, the opinion contains the definite declaration that the conveyance was simulated; and the judgment holds that the property in controversy does not exclusively belong to the defendants, but that it belongs to the heirs of Melitón Morales.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.